```
1  SCOTT N. SCHOOLS (SCSBN 9990)
   United States Attorney
2
3  BRIAN J. STRETCH (CASBN 163973)
   Chief, Criminal Division
4  ALLISON MARSTON DANNER (CASBN 195046)
   Assistant United States Attorney
5
       450 Golden Gate Avenue, Box 36055
6      San Francisco, California 94102
       Telephone:  (415) 436-7144
7      Fax:  (415) 436-7234
       Email: allison.danner@usdoj.gov
8
   Attorneys for the United States of America
9
10
11               UNITED STATES DISTRICT COURT
12              NORTHERN DISTRICT OF CALIFORNIA
13                   SAN FRANCISCO DIVISION
14
15 UNITED STATES OF AMERICA,    )  Nos. CR 07-0333 VRW
                                )       CR 07-0633 VRW
16      Plaintiff,               )
                                )  UNITED STATES' SENTENCING
17      v.                       )  MEMORANDUM
                                )
18 MALEKA MAY,                  )  Date: November 29, 2007
                                )  Time: 1:30 p.m.
19      Defendant.               )
                                )
20
```

21   Defendant Maleka May pleaded guilty pursuant to Rule 11(c)(1)(C) of the Federal Rules
22 of Criminal Procedure to Count One of the Indictment, captioned CR 07-0333 VRW, charging
23 her with making a false statement to an agency of the United States in violation of 18 U.S.C. §
24 1001, and she also pleaded guilty to the sole count of the captioned Information, CR 07-0633
25 VRW, charging her with making a false statement to an agency of the United States in violation
26 of 18 U.S.C. § 1001.  May is scheduled to be sentenced by this Court on both the Indictment and
27 the Information on November 29, 2007.  The plea agreement provides that May should be
28

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0333 VRW
CR 07-0633 VRW                                    -1-

sentenced to time served, 6 months imprisonment to be served in home detention, and 3 years of supervised release.

Nevertheless, the Presentence Report (PSR) prepared by the Probation Office states that home detention is not available as a substitute for imprisonment.[1]  The Probation Office, therefore, recommends an alternative sentence to that agreed upon by the parties in the plea agreement.  After further discussions with the Probation Office, the Bureau of Prisons, and defense counsel, the United States recommends, and defendant concurs, that the sentence recommended by the Probation Office should be substituted for the sentence provided for in the plea agreement.  Accordingly, the United States respectfully requests that this Court sentence defendant to 3 years of probation conditioned on six months of home confinement with electronic monitoring, 240 hours of community service in lieu of a fine, and a $200 special assessment.

A.     The Recommended Sentence is Appropriate Under the Guidelines.

Under the Sentencing Guidelines, defendant's base offense level for the instant offenses is 6.  U.S.S.G. § 2B1.1.  In addition, defendant receives a two point adjustment for acceptance of responsibility.  U.S.S.G. § 3E1.1.  These calculations result in an offense level of 4.  Defendant has no prior convictions, and her criminal history is, therefore, category I.  U.S. Sentencing Guidelines Manual ch. 5, pt. A.  Combining these figures yields a sentencing range of 0-6 months under the Guidelines.  *Id*.  Defendant's guidelines sentence falls within Zone A of the sentencing table.  *Id.*  Zone A sentences do not require a term of imprisonment, subject to certain exceptions not applicable here.  U.S.S.G. § 5C1.1.  Home detention may be imposed as a condition of probation as a substitute for imprisonment.  U.S.S.G. § 5F1.2.

B.     A Sentence of Probation Conditioned on Six Months Home Detention is Reasonable Here.

The United States urges this Court to accept the sentence recommended by Probation and

---

[1] It is the policy of the Bureau of Prisons that home detention cannot substitute for imprisonment.

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0333 VRW
CR 07-0633 VRW                                          -2-


the parties. Such a sentence is well supported by the sentencing factors of 18 U.S.C. § 3553(a). Defendant May has no criminal history, and she now stands convicted of two felonies. This fact in and of itself constitutes a significant punishment. Defendant has already served time in jail, and her six months of home detention will further punish her for her conduct and deter her from future commission of similar crimes. Ms. May's letter to Probation acknowledges the seriousness of her conduct.

In light of these considerations, the sentence agreed to by the parties is both reasonable and sufficient. The United States, therefore, respectfully asks this Court to sentence defendant to 3 years probation conditioned on six months of home confinement with electronic monitoring, 240 hours of community service in lieu of a fine, and a $200 special assessment.

DATED: November 19, 2007           Respectfully submitted,

                                    SCOTT N. SCHOOLS
                                    United States Attorney


                                    _____/s/_____

                                    ALLISON MARSTON DANNER
                                    Assistant United States Attorney

UNITED STATES' SENTENCING MEMORANDUM
CR 07-0333 VRW
CR 07-0633 VRW                     -3-