Paul K. Charlton (SBA# 012449)
GALLAGHER & KENNEDY, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
Telephone:   (602) 530-8000
Facsimile:   (602) 530-8500
Email:       paul.charlton@gknet.com

William M. Goodman (CSB 61305)
KASOWITZ, BENSON, TORRES & FRIEDMAN
101 California Street, Suite 2050
San Francisco, CA 94111
Telephone:   (415) 421-6140
Facsimile:   (415) 398-5030
Email:       wgoodman@kasowitz.com

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

## FOR THE

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MALEKA MAY,<br><br>Defendant. | CR07-0333 VRW<br>CR07-0633 VRW<br><br>**DEFENDANT MALEKA MAY'S SENTENCING MEMORANDUM**<br><br>Date: November 29, 2007<br>Time: 1:30 p.m. |

Defendant Maleka May asks the Court to accept the Rule 11(c)(1)(C) plea agreement entered into between the defendant, the U.S. Attorney's Office for the Eastern District of Washington, and the U.S. Attorney's Office for the Northern District of California. For the reasons discussed below, the nature and circumstances of the offenses and the history and character of Ms. May justify a sentence of three years probation with six months home confinement as a condition of that probation.

1677702v1/20148-0001

### I. Ms. May Accepts Responsibility for Her Offenses

Ms. May has accepted full responsibility for the wrongs that are reflected in the plea agreement: She made false statements to law enforcement officers about her knowledge relating to Kenneth Freeman and his whereabouts. Ms. May recognizes now that Mr. Freeman should not have left the United States but should, instead, have remained in the jurisdiction to face charges for the crimes he allegedly committed.

When Ms. May lied to both the ICE agents and the Marshal's deputies, she did not do so with the intent to harm others, but did because of her feelings for Mr. Freeman. Ms. May recognizes now that her feelings for Mr. Freeman were misplaced. She does not seek in any way to excuse her conduct because of those feelings, but wishes the Court to understand that she did not act maliciously. Furthermore, Ms. May recognizes that her actions may have caused Mr. Freeman's daughter unneeded worry and concern. Ms. May apologizes to Mr. Freeman's daughter and regrets any harm she may have caused.

The presentence report notes that Ms. May stated she feared Mr. Freeman, but the report suggests that photographs of Ms. May with Mr. Freeman (attached to the presentence report) do not reflect a relationship of fear. PSR at p. 2 of Sentencing Recommendation. Ms. May notes that the pictures referred to in the presentence report were taken 2 and 3 years *before* she traveled to China to see Mr. Freeman in 2007. Ms. May's relationship with Mr. Freeman was a complicated one. Ms. May was at times fearful of Mr. Freeman and she came to believe that he had violent tendencies. She does not, however, wish to suggest that her trip to China was coerced or forced. She traveled to China of her own volition and recognizes that she was wrong to have done so.

### II. The Plea Agreement Provides a Just Punishment

Ms. May accepts responsibility for her actions, but asks the Court to consider her past and her character. Ms. May has no criminal record, either in her native China or in

the United States. The false statements made by Ms. May to federal law enforcement agents are her first and only criminal offense.

As is stated in the presentence report, Ms. May was born and raised in China. While her parents are well educated and had jobs in academia, Ms. May's beginnings were humble. She lived in a remote area of China and, by candlelight, was taught to read. Despite her family's modest finances, Ms. May completed college work and obtained a much sought after position as a flight attendant at China Airlines. In that position she traveled to the United States for the first time and marveled at the freedoms most of us take for granted.

Because she spent part of her life under the oppression of the Cultural Revolution and its aftermath, Ms. May never experienced the right to vote. For most Americans, the right to vote is of little consequence and infrequently exercised. For Ms. May, as an individual who knows what it is like to live under tyranny, it is a treasured right. When Ms. May is sentenced, and loses her right to vote under Arizona law until she completes probation (see Arizona Revised Statutes 14-904), it will be a significant loss to her personally.

While on pretrial release, Ms. May has performed well and was recommended for supervision without electronic monitoring by her Pretrial Services Officer in Phoenix. Ms. May's performance while on release is a good predictor for how she will perform while on probation.

Finally, Ms. May is pregnant with her boyfriend's child. They are a committed couple who have accepted the past and are ready to begin a new life and family. Ms. May also asks the Court to consider the letters attached to the presentence report which demonstrate the love and support she has from her family and from Dan Lupien, the father of her child.

Ms. May acknowledges the seriousness of the offense and has pleaded guilty to two felony charges. She will serve six months home detention and has already served time in jail immediately following her arrest. She has lost one of her most valuable rights, the right to vote. The sentence, therefore, reflects the seriousness of the offense.

Ms. May has learned her lesson and the Court can be assured that she will not be a repeat offender. Her most pressing desire now is to raise her child. Others, similarly situated would be deterred as well by the national negative publicity that Ms. May has received and the humiliation her family has suffered. This punishment provides adequate deterrence, and will serve to protect the public. This sentence will also allow Ms. May the opportunity to continue her studies, studies she began while on pretrial release.

**III. Conclusion**

Each factor under 18 U.S.C. § 3553(a) demonstrates that the proposed sentence is just and appropriate. Ms. May asks that the Court follow the recommendation of the presentence report and the terms of the plea agreement. Ms. May notes as well that she has agreed, as part of her plea agreement, not to have direct contact with Mr. Freeman, and that this provision should be included in her conditions of probation. Finally, Ms. May agrees with the presentence report's conclusion that a sentence of probation with a condition that she serve 6 months home confinement is appropriate, and is the correct legal structure for the sentence contemplated by the plea agreement.

RESPECTFULLY SUBMITTED

Dated: November 21, 2007        /s/_____
                                Paul K. Charlton

                                /s/_____
                                William M. Goodman
                                Attorneys for Defendant

1677702v1/20148-0001

4

# **PROOF OF SERVICE**

I declare that I am over the age of eighteen (18) and not a party to this action. My business address is 101 California Street, Suite 2050, San Francisco, California 94111.

On November 21, 2007, I served the following document(s) described as:

**DEFENDANT MALEKA MAY'S SENTENCING MEMORANDUM**

on the interested parties in this action by placing a true and correct copy of such document, addressed as follows:

| | |
|---|---|
| **Allison.Danner@usdoj.gov** | **Stephanie.Lister@usdoj.gov** |
| **Assistant United States Attorney** | **Assistant United States Attorney** |
| **Northern District of California** | **Eastern District of Washington** |

☒ **By E-MAIL/ e-FILE** : I caused the document to be delivered to the above addressee(s)

**Jacqueline Sharpe**
**United States Probation Officer**
**450 Golden Gate Avenue**
**P.O. Box 36057**
**San Francisco, CA 94102**
**FAX: (415) 436-7572**

☒ **By FACSIMILE MACHINE**: The facsimile machine I used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 20006(d), I caused the machine to print a transmission of record of the transmission.

☐ BY MAIL: I am readily familiar with the business' practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence was deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date in the United States mail at San Francisco, California.

Executed November 21, 2007, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

/s/

BELLA ASKINAZI

Gallagher & Kennedy, P.A.
2575 East Camelback Road
Phoenix, Arizona 85016-9225
(602) 530-8000

1677702v1/20148-0001            Proof of Service